IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2258-FL

| | | |
|---|---|---|
| JOHNNY THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRAVIS OUTLAW, | ) | |
| | ) | |
| Respondent. | ) | |

This matter came before the court on respondent's motion for summary judgment (DE # 8) pursuant to Federal Rule of Civil Procedure 56, to which petitioner responded. Also before the court is petitioner's motion to compel (DE # 12), to which respondent did not respond. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion and denies petitioner's motion.

## STATEMENT OF CASE

On May 5, 2009, petitioner, in the Lenoir County Superior Court, pleaded no contest,[1] pursuant to a plea bargain, to voluntary manslaughter. Resp't's Ex. 1. Petitioner then was sentenced to a mitigated range term of ninety-six (96) to one hundred twenty-five (125) months imprisonment. Id. Ex. 1, 2, and 3.

On May 12, 2009, petitioner filed a motion for reduction of sentence in the Lenoir County Superior

---

[1] Petitioner's not contest plea was entered pursuant to North Carolina v. Alford, 400 U.S. 25 (1970).

Court, which was denied on June 3, 2009. See Pet. ¶ 11. On July 30, 2009, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Lenoir County Superior Court, which was denied on August 12, 2009. Id. Exs. 4 and 5. On August 14, 2009,[2] petitioner filed, in the Lenoir County Superior Court, a *pro se* pleading captioned "notice of appeal," appealing the superior court's order denying his MAR.[3] Id. Ex. 6.

On November 30, 2010,[4] petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging his conviction was obtained by an unconstitutional search and seizure in violation of the Fourth Amendment to the United States Constitution. Petitioner also alleges conflicts of interest on behalf of both the prosecuting attorney and the presiding judge. Finally, petitioner alleges that he received ineffective assistance of counsel, that his plea was coerced, and that his plea bargain was broken.

On March 17, 2011, respondent filed a motion for summary judgment, arguing that petitioner's habeas petition was filed outside of the statute of limitations, and therefore is time-barred. Alternatively, respondent argues that petitioner's petition is meritless. Petitioner subsequently filed a response to respondent's motion and a motion to compel.

---

[2] Petitioner's "notice of appeal" his MAR was dated August 14, 2009. Providing petitioner the benefit of the mailbox rule, the court will construe the date petitioner filed his appeal of his MAR as August 14, 2009. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

[3] Petitioner appears to have filed "a paper writing purporting to be a Motion for Appropriate Relief" on November 5, 2010, which was denied on December 14, 2010. See (DE # 3, p. 4.)

[4] Petitioner's habeas petition was filed on December 1, 2010, but it is dated November 30, 2010. Providing petitioner the benefit of the mailbox rule, the court will construe the date petitioner filed his MAR as November 30, 2010. See Houston, 487 U.S. at 276.

2

## DISCUSSION

A.   Motion to Compel

Petitioner filed a motion to compel discovery. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). "A judge may, for good cause, authorize a party to conduct discovery." Rules Governing § 2254 Cases, Rule 6(a). "A party requesting discovery must provide reasons for the request." Id., Rule 6(b). In this case, petitioner has not established good cause for discovery. Therefore, petitioner's motion is denied.

B.   Summary Judgment

1.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2.   Analysis

a.   Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of

3

habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The running of the "period of limitation" under § 2244(d)(1) is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing until final disposition by the state court. See Taylor, 186 F.3d at 561.

In this case, petitioner pleaded guilty and judgment was entered on May 5, 2009. The statutory period then was tolled by petitioner's May 12, 2009, *pro se* motion with the sentencing judge seeking a reduction of his sentence. Petitioner's petition remained tolled until the MAR court summarily denied his MAR on August 12, 2009.[5] Accordingly, the statute of limitations began to

---

[5] The court notes that the time period between the denial of a post-conviction MAR and the filing of a corresponding petition for a writ of certiorari in the North Carolina Court of Appeals generally is tolled. See Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000). Here, however, petitioner acknowledges that he did not file a petition for a writ of certiorari in the court of appeals. Resp. p. 6. Instead, petitioner filed a motion for reconsideration in the superior court. Id. This filing does not operate to toll the statute of limitations. See e.g. Corbett v. McDade, 42 F. App'x 562, 563-64 (4th Cir. July 25, 2002); Rhue v. Carroll, No. 5:05-HC-592-BO (E.D.N.C. Aug. 28, 2006), aff'd, 229 F. App'x 214 (4th Cir. June 15, 2007); McConnell v. Beck, 427 F. Supp. 2d 578, 583 (Apr. 5, 2006); but see Allen v. Mitchell, 276 F.3d 183, 186-87 (4th Cir. 2001) (remanding action to determine whether certiorari petition filed four years after denial of MAR was timely). The court further notes that
(continued...)

4

run on August 12, 2009, and ran for three hundred sixty-five (365) days until it expired on August 12, 2010. Petitioner did not submit his § 2254 petition until November 2010, which was subsequent to the expiration of the statute of limitations.

        b.      Merits of Petition

               i.      Claims Waived by a Knowing and Voluntary Guilty Plea

Even if petitioner's action is not time barred, respondent is entitled to summary judgment on the merits of petitioner's habeas corpus petition because petitioner entered a knowing and voluntary guilty plea. Petitioner generally alleges that he received ineffective assistance of counsel and that his guilty plea was coerced. Petitioner also alleges a claim based upon an alleged unlawful search and seizure in violation of the Fourth Amendment to the United States Constitution.

A valid guilty plea constitutes the admission of the material elements of a crime. See McCarthy v. United States, 394 U.S. 465, 466 (1969). A voluntary guilty plea normally forecloses an attack based on any antecedent, non-jurisdictional errors. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); see United States v. Stancil, 252 F. App'x 538, 2007 WL 2710022, *2 (4th Cir. Sept. 13, 2007) (finding Fourth Amendment claim waived where there was a knowing and voluntary guilty plea). Following final judgment, collateral attack is limited to whether the plea was counseled and voluntary. See, e.g., United States v. Broce, 488 U.S. 563, 569 (1989). Therefore, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with

---

[5](...continued)
petitioner's second November 5, 2010, MAR, filed subsequent to the expiration of the one year statute of limitations period also does not operate to toll the statute of limitations period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, slip op., 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006), appeal dismissed, 207 Fed. Appx. 271, 2006 WL 3407741 (4th Cir. 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]").

5

which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett, 411 U.S. at 267. The Supreme Court's ruling in Tollett applies to actions in which a defendant has entered a plea of no contest pursuant to North Carolina v. Alford, 400 U.S. 25 (1970). See Smith v. Beck, No. 1:06CV489, 2007WL2746872, *8 (M.D.N.C. Sept. 19, 2007), appeal dismissed, 268 F. App'x 260 (4th Cir. 2008).

The court now must determine whether petitioner's guilty plea was knowing and voluntary. A guilty plea is made knowingly and voluntarily if the defendant is fully aware of the direct consequences of his guilty plea, unless it was induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.* bribes). Brady v. United States, 397 U.S. 742, 755 (1970). Generally, if the trial court fully questions a defendant regarding the waiver of his right to appeal during the plea hearing, the waiver is both valid and enforceable. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

In this case, the record reflects that petitioner testified at the plea hearing that he discussed his case fully with his lawyer, that his lawyer explained the nature of the charges, each element of the offenses, as well as possible defenses. See Resp't's Mem. Ex. 1. Petitioner testified that he was satisfied with his attorney's services, and that he was entering his plea of his own free will without any undue outside influence. Id. He also agreed that no person made any promises or threatened him in any way to cause him to enter the plea against his wishes. Id. Petitioner further testified that he was not under the influence of alcohol, drugs, narcotics, medicines, or pills. Id. After listening

6

to petitioner's response to the guilty plea colloquy in open court and observing petitioner's demeanor, the trial court judge found as a fact that petitioner was competent to stand trial. Id. Moreover, the transcript from petitioner's plea hearing reflects that petitioner specifically was informed of the following conditions: "The state further agrees that it will not seek to offer any statutory or non-statutory aggravating factors for the purpose of seeking an aggravated sentence. In exchange, the defendant will plead no contest to the reduced charge of voluntary manslaughter in file number 08CRS51867." Id. Petitioner also was informed that he faced a maximum term of imprisonment of one hundred forty-six (146) months and a minimum term of eighty-eight (88) months imprisonment. Id. Petitioner did not object to these conditions and proceeded to plead guilty.

Absent extraordinary circumstances, these solemn in-court representations should be deemed conclusive. Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981); see also Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Little v. Allsbrook, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984). The evidence in the record demonstrates petitioner was made aware of the disputed conditions prior to entering his guilty plea. His sentencing transcript also demonstrates that he was well aware of what his guilty plea and sentence entailed, and thereafter entered a plea of guilty. Petitioner's in-court representations during his guilty plea hearing are deemed conclusive and the plea is found to have been knowingly and voluntarily entered with the advice of competent counsel. Based upon the foregoing, petitioner's claims are waived because he entered a knowing and voluntary guilty plea.

        ii.      Breach of Plea Agreement

Petitioner asserts his plea agreement was breached because he received a sentence above the

five to seven year sentence his attorney promised and because the prosecutor acting contrary to the terms of the plea agreement offered an aggravating factor at sentencing. As stated petitioner was advised that he faced a maximum term of one hundred forty-six (146) months imprisonment and a minimum term of eighty-eight (88) months imprisonment. See Resp't's Mem. Ex. 1. The plea agreement further provided that the above conditions represent all of the terms and conditions of his plea. Id. Additionally, petitioner, himself, testified at his plea hearing that the plea arrangement set forth in his transcript of plea was his full plea arrangement and that he had not been promised anything. Moreover, the record reflects that petitioner received the favorable terms for which he bargained. Particularly, petitioner was sentenced to a term of imprisonment below the statutory maximum and within the mitigated (and not the aggravated) range. Accordingly, he has not demonstrated that his plea agreement was breached.

### iii. Conclusory Allegations

Finally, petitioner presents several conclusory grounds for habeas relief such as including conflict of interest claims as to the judge, prosecutor, and his attorney. Petitioner also asserts that the prosecutor withheld evidence in violation of the Supreme Court's ruling in Brady v. Maryland, 373 U.S 83 (1963).[6] However, petitioner has not presented sufficient evidentiary support for such claims. Instead, he has merely provided the court with conclusory allegations. Petitioner's unsupported allegations do not warrant relief. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing . . . a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a

---

[6] Petitioner has not stated what evidence the prosecution withheld, or how the alleged withheld evidence would have induced him to go to trial rather than plead guilty.

8

habeas petitioner to an evidentiary hearing."), abrogated on other grounds recognized by Gray v. Netherland, 518 U.S. 152, 165-66 (1996). Based upon the foregoing, respondent is entitled to summary judgment for this claim.

C.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner nonetheless is entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds

9

first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, petitioner's motion to compel (DE # 12) is DENIED. However, respondent's motion for summary judgment (DE # 8) is GRANTED. The Clerk of Court is DIRECTED to close this case. The certificate of appealability is DENIED.

SO ORDERED, this the 27th day of January, 2012.

LOUISE W. FLANAGAN
United States District Judge